SCHROEDER (SMITH v.). See Case No. 13,-103.

SCHROEDER (UNITED STATES v.). See Case No. 16,233.

SCHROEDER (WRIGHT v.). See Case No. 18,091.

---

## Case No. 12,482.

SCHUBERTH et al. v. SHAW.

[19 Am. Law Reg. (N. S.) 248.]

Circuit Court, E. D. Pennsylvania. 1879.

COPYRIGHT—MUSIC—NEW ADAPTATION.

[Labor bestowed on the production of another is enough to constitute a claim to copyright, and it is not necessary that complainant be the sole creator of the work for which protection is claimed.]

[The French composer, Waldteufel, in about 1872, published the "Manola Suite de Valses pour Piano." About three years after this the complainants, Edward Schuberth & Co., employed J. M. Lauder, a musical composer, to make a new arrangement of the piece. This Mr. Lauder did, altering and simplifying the harmony, and in some cases altering the melody. He abridged the length of the introduction of the waltz and also the coda. This new arrangement was copyrighted and published by the complainants as "Manola Waltz, Arranged by J. M. Lauder." The defendant, W. F. Shaw, employed Mr. A'Becket, a musician, who made an arrangement of the Waldteufel music which was very similar to the complainants' arrangement. This was

published by the defendant as "Manola Waltz, as Performed by J. M. Lauder."

[The complainants filed a bill asking for an injunction on the ground that the defendant's publication was an infringement of their copyright. The answer denied the complainants' claim to musical authorship, and alleged that the changes in the original music made by Mr. Lauder were trifling, and involved no especial "skill, knowledge, or experience, beyond what is possessed by any one who can play the waltzes on the piano." After all the testimony had been taken, a preliminary order was made by the court, appointing two musicians as experts to report "whether the Manola waltz, published by complainants, was musically different from the Waldteufel composition, in what the difference consisted, and whether complainants' publication is an original musical composition representing any musical authorship." They reported that, "while we do not consider the publication an original composition, with the exception of the harmony in the last three bars of the introduction, we regard it as an original arrangement, and the work of a practical harmonist and musician.]

David M. Sellers, for complainants.
Joseph R. Sypher, for defendant.

BUTLER, District Judge. Under the construction given to section 4952 of the Revised Statutes, relating to copyrights, the plaintiffs' claim must be regarded as valid. To entitle one to a copyright it is unnecessary that he be the sole creator of the work for which protection is claimed. Labor bestowed on the production of another will often constitute a valid claim. The maker of an abridgement, translation, dramatization, digest, index or concordance of a work of which he is not the author, may obtain a copyright for the product of his labor, thought and skill. So also one making material changes, additions, corrections, improvements, notes, comments, etc., in the unprotected work of another. A photograph, chromo or engraving is often but a copy of a work of art, in whose production the photographer or engraver had no part. Wood v. Boosey, L. R. 3 Q. B. 232. In all such cases, the test of originality is applied to that which represents the labor or skill of the person claiming the copyright. Drone, Copyright. 200. In music, not only new compositions, but any substantially new adaptation of an old piece, as an arrangement for the piano of a quadrille waltz, &c., constitutes a valid claim. Atwill v. Ferrett [Case No. 640]; Jollie v. Jaques [Id. 7,437].

The report of the commissioners (Messrs. Thunder & Hasler), leaves me in no doubt respecting the validity of the plaintiffs' copyright. Nor can I doubt that the defendant's publication is a substantial copy of the plaintiffs'. His artist, Mr. A'Becket, understanding what was wanted, sought to do materially what the plaintiffs had done. The defendant's design was to procure a similar work. The evidence shows this quite distinctly. Mr. A'Becket had not, as he says, the plaintiffs' work before him; but he was familiar with it, and was, I think, mainly guided in what he did by his recollection of it. The imitations, in some instances extending even to errors, seem too remarkable to be accidental. The slight, unimportant differences may well be ascribed to a desire to avoid the charge of copying. It is, I repeat, quite plain that the defendant started out with the design to publish and offer for sale a work similar to the plaintiffs', and this similarity is carried even into the title-page, which is made so like the plaintiffs' that any one purchasing might well suppose he was getting the plaintiffs' work. The answer, indeed, admits that the defendant's publication "is substantially the same as the complainants." Let a decree be entered for the plaintiff.